NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN MCELLIGOTT,<br><br>Petitioner,<br><br>v.<br><br>AUDREY MCELLIGOTT,<br><br>Respondent. | Civil Action No. 23-3175 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Respondent's motion to appoint a guardian *ad litem* for the benefit of the minor child C.M. (ECF No. 11), whom Petitioner seeks returned to Ireland pursuant to the International Child Abduction Remedies Act. (ECF No. 1.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Respondent's motion to appoint a guardian *ad litem* (ECF No. 11) is **DENIED**.

**I.      BACKGROUND**

On June 9, 2023, Stephen McElligott ("Petitioner") filed a petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601–11610, seeking the return of his 12-year-old son (C.M.), whom he alleges Audrey McElligott ("Respondent") — C.M.'s mother and Petitioner's spouse — removed from Ireland to the United States and wrongfully retained in the United States beginning December 11, 2023. (ECF No. 1.) A trial on the merits of the Petition is scheduled for August 21 and 22, 2023. (ECF No. 13.)

On July 12, 2023, Respondent filed a motion seeking appointment of a guardian *ad litem* for the benefit of C.M. and for the Court to conduct an *in camera* interview with C.M. (ECF No. 11.) In support, Respondent filed a certification (ECF No. 11-1) and moving brief (ECF No. 11-2). The Court has already granted Respondent's request to interview C.M. *in camera*, which is scheduled to take place on August 15, 2023. (ECF No. 13). On July 21, 2023, Petitioner filed a brief opposing appointment of a guardian *ad litem*. (ECF No. 17.)

## II.     DISCUSSION

Once a petitioner seeking a child's return under the Hague Convention and ICARA makes a *prima facie* showing that the child was wrongfully removed, "the burden shifts to the respondent to prove an affirmative defense against the return of the child to the country of habitual residence." *Tsai-Yi Yang v. Fu-Chiang Tsui*, 499 F.3d 259, 271 (3d Cir. 2007) (citing *Karkkainen v. Kovalchuk*, 445 F.3d 280, 288 (3d Cir. 2006)). One affirmative defense available under the Hague Convention is the "wishes of the child" defense, which permits the Court to refuse to order a child's return when "the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." *Tsai-Yi Yang*, 499 F.3d at 278 (citing Hague Convention art. 13, Oct. 25, 1980, T.I.A.S. No. 11,670, 1988 WL 411501)).

The Supreme Court has observed that "courts can achieve the ends of the Convention and ICARA—and protect the well-being of the affected children—through [] familiar judicial tools . . . ." *Chafin v. Chafin*, 568 U.S. 165, 178 (2013) (discussing ability of courts to stay execution of a return order pending appeal in an ICARA case). Pursuant to Federal Rule of Civil Procedure 17, "[t]he court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Whether to appoint a guardian *ad litem* is a determination "generally [] left to the discretion of the district

courts." *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012). Federal courts hearing ICARA cases have found, on occasion, the appointment of a guardian *ad litem* appropriate to represent a child. *See Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) ("District courts have sometimes allowed children to participate through guardians *ad litem* when their interests were not adequately represented by either party.").

Respondent asserts that appointing a guardian *ad litem* is appropriate here. Respondent indicates that she will raise the "wishes of the child" defense. C.M. is twelve years old and sufficiently mature for the Court to take his view into consideration, and, according to the certification accompanying Respondent's brief (*see* ECF No. 11-1), will express "specific and particularized objections to returning to Ireland." (ECF No. 11-2 at 13). Respondent discusses several cases in which courts have applied this exception and refused to order a child's return. (ECF No. 11-2 at 7–12.) Respondent concludes that she seeks "the appointment of a guardian *ad litem* who will have the opportunity to interview the Child and collateral contacts deemed relevant by the guardian *ad litem*" in order to assist the Court in evaluating the "wishes of the child" defense here. (*Id.* at 13.)

The Court finds C.M.'s interests are adequately protected in this matter without the appointment of a guardian *ad litem*. Rule 17(c)(2) only requires the Court to appoint a guardian for a minor "who is unrepresented in an action." The Court is fully satisfied that C.M.'s interests are well represented by his parents and their attorneys, who together will surface the relevant facts and legal arguments necessary to decide the Petition. These protections distinguish this case from those "exceptional" cases cited by Respondents (ECF No. 11-2 at 13) in which appointment of a guardian *ad litem* was found necessary because the child's interests would be otherwise

3

unrepresented. *See Sanchez*, 761 F.3d at 508 (appointing a guardian *ad litem* because "[t]he abducting respondents have disclaimed any responsibility for the children").

The Court is also unpersuaded by Respondent's argument that appointment of a guardian *ad litem* will assist the Court in determining whether the "wishes of the child" exception applies to C.M. (ECF No. 11-2 at 13.) First, the parties will present their own witnesses and evidence relevant to this affirmative defense. The Court will thus hear directly from the "collateral contacts" (ECF No. 11-2 at 13) whose perspective Respondent seeks to have an appointed guardian *ad litem* relay to the Court second-hand. Second, the Court has already set a date to interview C.M. *in camera* prior to the trial. (ECF No. 13.) The parties may also call expert witnesses, such as child psychologists, whose testimony will would presumably be relevant to determining C.M.'s maturity and potential objections to returning to Ireland. Testimony from a guardian *ad litem* regarding C.M.'s views would duplicate evidence the Court will already hear from the parties' experts and C.M. himself. Finally, the Court notes that in two of the three cases Respondent's brief treats at length in which the Court found the "wishes of the child" exception applied, the judge reached his decision evidently without hearing from a guardian *ad litem*. (ECF No. 11-2 at 8–12 (discussing *Colon v. Mejia Montufar*, 470 F. Supp. 3d 1280 (S.D. Fla. 2020) and *de Jesus Joya Rubio v. Alvarez*, 526 F. Supp. 3d 1186 (S.D. Fla. 2021)).)

### III.     CONCLUSION

For the foregoing reasons, Respondent's motion to appoint a guardian *ad litem* for the benefit of the minor child C.M. (ECF No. 11) is **DENIED**.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: July 26, 2023