NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN MCELLIGOTT,<br><br>Petitioner,<br><br>v.<br><br>AUDREY MCELLIGOTT,<br><br>Respondent. | Civil Action No. 23-3175 (RK) (RLS)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the unopposed Motion for Attorney's Fees by Stephen McElligott ("Petitioner") seeking an award of $68,623.10 in attorney's fees pursuant to 22 U.S.C. § 9007 filed on September 25, 2023. (ECF No. 54.) On October 1, 2023, Petitioner filed an amended certification in support of his Motion, reflecting an updated invoice amount for Petitioner's expert witness. (ECF No. 56.) Respondent has not opposed Petitioner's fee application. The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Petitioner's Motion is **GRANTED** and Petitioner is awarded the reduced amount of costs and fees of $68,327.00.

**I.     BACKGROUND**

On June 9, 2023, Petitioner filed a Petition seeking the return to Ireland of his minor child, C.M., pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), implemented through the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.* (ECF No. 1.) The Petition also sought the award of

attorney's fees authorized by ICARA in the event the Court granted the Petition. (*Id.* ¶¶ 43–45.)[1] Petitioner was represented *pro bono* by attorneys from the Rutgers Law Associates. (*Id.* ¶ 44.)

The parties initially appeared before the Court on July 19, 2023. (ECF No. 14.) In accordance with the Hague Convention's goal to expeditiously determine whether a child had been wrongfully removed, the Court set a peremptory trial date for August 21 and 22, 2023. (ECF No. 13.) On July 26, 2023, the Court entered a pre-trial order setting an expedited schedule for the parties to complete fact and expert discovery and prepare for trial. (*See* ECF No. 18.) The parties engaged in brisk motion practice, (ECF Nos. 1, 6, 11, 26), prepared extensive pre-trial briefing, (ECF Nos. 35, 37), and submitted voluminous documentary evidence to the Court ahead of trial. Each party retained an expert child psychologist. During the two-day trial, each party called four witnesses, including their competing experts and the parties themselves.

In a sixty-six (66)-page Opinion issued September 12, 2023, the Court granted the Petition and ordered C.M. returned to Ireland. (ECF No. 49.) The Court declined to decide Petitioner's request for attorney's fees at that juncture but ordered Petitioner to submit any application for attorney's fees within fourteen (14) days of the decision and ordered Respondent to file any opposition within fourteen (14) days of Petitioner's application. (*Id.* at 64–65.)

On September 25, 2023, Petitioner filed a Motion for Attorney's Fees. (ECF No. 54.) The Motion was accompanied by an attorney certification stating that Petitioner's attorneys had worked 296.85 hours on the matter at a requested rate of $200.00 per hour. (*Id.* at 8.) Because Petitioner was represented *pro bono*, Petitioner's counsel did not charge Petitioner. However, counsel certified that attorneys at the Rutgers Law Associates charge clients represented through the

---

[1] The Petition sought fees pursuant to 42 U.S.C. § 11607. However, the statute implementing the Hague Convention has since been transferred to 22 U.S.C. § 9007.

Victims of Crime Compensation Office at a rate of $200.00 per hour, which typically involves work similar to Hague Convention matters. (*Id.*) Petitioner also sought $6,453.10 in other expenses, including "fees for filings, our expert's report, travel expenses, postage, and expenses from accompanying the minor child to boarding his flight to Ireland." (*Id.*) Attached to the Motion is a detailed, ten (10)-page statement of Petitioner's counsel's time entries on the matter. (*Id.* at 14–23.) On October 1, 2023, Petitioner filed an amended certification in support of his Motion, which included the finalized bill for Petitioner's testifying expert, which Petitioner received on September 27, 2023. (ECF No. 56.) Petitioner's Motion in total requests $68,623.10, which includes $59,370 in attorney's fees (296.85 hours x $200.00 per hour) and $9,253.10 in expenses ($8,425.00 in expert witness fees + $828.10 in other fees). (ECF Nos. 54, 56.)

## II.    LEGAL STANDARD

The Hague Convention and ICARA create a presumption in favor of awarding attorney's fees to a successful petitioner. Pursuant to the Hague Convention and section 9007:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). "An award of reasonable fees to a prevailing [Hague Convention] petitioner is thus presumed, unless the respondent can demonstrate that the demanded award would be clearly inappropriate." *Cillikova v. Cillik*, No. 15-2823, 2016 WL 541134, at *3 (D.N.J. Feb. 9, 2016) (citations omitted).

## III.   DISCUSSION

The Court finds that an award of costs and attorney's fees is merited in this case, although it will reduce the requested fee amount as explained below.

At the outset, Respondent has offered no evidence that an award of costs and fees would be "clearly inappropriate" here. Courts have found that denying or reducing a fee application may be merited in an ICARA case when, in light of the "financial situation of the respondent, . . . a large award of expenses could potentially impair the respondent's ability to provide for the child." *Cillikova v. Cillik*, No. 15-2823, 2016 WL 541134, at *5 (D.N.J. Feb. 9, 2016); *see also Hirts v. Hirts*, 152 F. App'x 137, 139 (3d Cir. 2005) (affirming district court's finding that fee award against respondent would be clearly inappropriate in light of her financial circumstances). Other Courts consider "a respondent's basis for removing" a child and whether the decision to return a child was a close call under the Hague Convention. *See Soulier v. Matsumoto*, No. 20-4720, 2022 WL 17250549, at *2 (D.N.J. Nov. 28, 2022) (citation omitted). Respondent offers no evidence of her financial status and makes no argument that a fee award would be "clearly inappropriate" here. The Court notes that Respondent retained the well-regarded law firm of Greenbaum, Rowe, Smith & Davis LLP and had two partners, both highly experienced in family law, extensively engaged in the matter, including being present at trial, with other lawyers at the firm also involved in the representation of Respondent. Therefore, Respondent has not met her burden under ICARA's fee-shifting provision, and the Court turns to the reasonableness of Petitioner's expense request.[2]

---

[2] The fact that Petitioner did not pay for the expense of litigating the Petition out of pocket—as he was represented *pro bono*—does not bar the recovery of attorney's fees. *See Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010) (affirming award of attorney's fees to *pro bono* petitioner's counsel in a Hague Convention case order to "encourage other lawyers to advance legal services to impecunious clients in the expectation that they will be compensated if successful"). Nonetheless, in evaluating the reasonableness of

The Court applies the Lodestar approach to determining whether Petitioner's requested award of attorney's fees is appropriate. *See Distler v. Distler*, 26 F. Supp. 2d 723, 727 (D.N.J. 1998); *Soulier v. Matsumoto*, No. 20-4720, 2022 WL 17250549, at *1 (D.N.J. Nov. 28, 2022). Under this approach, the court "multipl[ies] the number of hours [an attorney] reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

Here, Petitioner seeks attorney's fees at a rate of $200.00 per hour. Petitioner bases this fee on the assertion that this rate is "consistent with the billing practices of Rutgers Law Associates, which charges the Victims of Crime Compensation Office $200.00 per hour to represent qualifying victims for its work, typically before a Family Court in custody cases not dissimilar to the instant case." (ECF No. 54 at 8.)[3] Here, Respondent did not contest Petitioner's application and offered no evidence rebutting Petitioner's *prima facie* case that his attorney's fee rate is reasonable. *See McCutcheon v. Am.'s Servicing Co.*, 560 F.3d 143, 150–51 (3d Cir. 2009) (affirming District Court's award of attorney's fees even where "the District Court did not go through the motions of reaching an initial lodestar determination" because the defendant "did not challenge the hours and rate aspect of [the applicant's] claim for fees"); *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 361 (3d Cir. 2001) (affirming District Court's award of attorney's fees on an

---

fees, the Court considers whether Petitioner would have permitted his attorney to expend such resources had he been required to pay for them out-of-pocket. *See Cillikova*, 2016 WL 541134, at *5 n.2.

[3] A party seeking attorney's fees normally meets its burden by "submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience." *Brownstein v. Lindsay*, No. 10-1581, 2021 WL 5121148, at *6 (D.N.J. Sept. 29, 2021) (quoting *S.D. Manville Bd. Of Educ.*, 989 F. Supp. 649, 656 (D.N.J. 1998)). The Court notes that Petitioner's fee application here is lacking in some regards, including information about his attorney's biography, experience, or expertise, or information about rates charged by attorneys of comparable experience in this region working on Hague Convention cases.

unopposed application and noting that had the defendant "met its obligation to contest that rate in a timely manner it might well have been able to establish that a lower rate was appropriate"). Thus, the Court accepts $200.00 per hour as a reasonable rate for the complex, time-sensitive representation Petitioner's counsel performed here.

Next, the Court reviews the itemized time sheet for Petitioner's counsel line-by-line to determine whether the billing records support the time charged to the matter. *See Evans*, 273 F.3d at 362. The Court finds that the amount of time billed on this matter, in light of the exigent circumstances driving this Hague Convention litigation and the need to prepare for trial in a short time frame, is reasonable. The billing records are detailed and broken down into three-minute increments. There is no evidence of block billing, double-billing, or time charged for work that could have been performed by a non-attorney. *See McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009) ("[C]ourts are to exclude from the determination of the lodestar any hours not reasonably expended. Hours subject to exclusion . . . include those deemed 'excessive, redundant, or otherwise unnecessary.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))). Because Petitioner has established a reasonable rate of $200.00 per hour and adequately demonstrated that his attorney spent 296.85 hours on the matter, the Court grants the requested $59,370.00 in attorney's fees.

Finally, the Court determines whether awarding costs and fees, totaling $9,253.10 here, is appropriate. Petitioner seeks $8,425.00 in expert witness fees—comprising $5,625.00 for the initial expert report, $1,400.00 for the expert's deposition appearance, and $1,400.00 for the expert's appearance at trial. (ECF No. 54 at 17; No. 56 at 3.) Given the relevance of the expert witness's testimony in resolving the Petition, the Court finds this unopposed request for necessary expenses reasonable. *See Savata v. Edil*, No. 22-75, 2023 WL 2707473, at *1 (W.D. Wis. Mar. 30,

2023) (awarding expert fees in Hague Convention case); *Homer v. Homer*, No. 21-02789, 2022 WL 4290465, at *8 (S.D. Tex. Sept. 16, 2022) (same). Petitioner seeks $532.00 in fees for the filing fee and service of the summons. (ECF No. 54 at 17.) This falls squarely within the "court costs" contemplated by ICARA. 22 U.S.C. § 9007(b)(3). The balance of the amount Petitioner seeks is $296.10 in expenses for gas and parking for commuting to the courthouse and the airport; counsel's meal at the airport; and a postage fee to send an expert's fee by overnight mail. (ECF No. 54 at 14–23.) The Court finds that the $296.10 in expenses do not fall within the "necessary expenses" encompassed by ICARA, and therefore must be excluded from the fee award. Therefore, the Court awards only $8,957.00 in costs and fees.

IV.     **CONCLUSION**

For the reasons set forth herein, and for other good cause shown, Petitioner's Motion for Attorney's fees is **GRANTED** and Petitioner is awarded a reduced amount of $68,327.00.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2023